Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Blvd.
San Diego, CA 92107
Phone: (619) 346-4612
Fax: (619) 923-3661

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASOKA ABEYEWARDENE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, LLC AND GOLDSMITH & HULL, PC,<br><br>　　　　　Defendant. | Case No. **'12CV2907 W    NLS**<br><br>COMPLAINT |

## INTRODUCTION

1.　　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.　　The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair

or deceptive collection practices undermine the public confidence essential to the continued functioning of a sound banking and credit system. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Asoka Abeyewardene, (hereinafter "Plaintiff") against Bureaus Investment Group Portfolio No 15, LLC and Goldsmith & Hull, PC (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

5. This action arises out of Defendant's violations of the FDCPA, Rosenthal Act and TCPA.

6. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

9. Plaintiff is a natural person residing in Los Angeles County, California.

10. Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and California Civil Code section 1788.2(f) and allegedly owed to Direct Merchants Bank (hereinafter "Debt").

11.  Plaintiff is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

12.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

13.  Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

14.  Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in California Civil Code section 1788.2(c).

15.  Goldsmith & Hull, PC was acting as an employee and agent of Bureaus Investment Group Portfolio No 15, LLC as well as on its own, and therefore, Bureaus Investment Group Portfolio No 15, LLC can be held responsible and is vicariously liable for the conduct of Goldsmith & Hull, PC.

## FACTUAL ALLEGATIONS

16.  Prior to February 19, 2009, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt.

### Filing of and in a State Court Action Containing Misrepresentations

17.  Within one (1) year preceding of the filing of this Complaint, Defendant filed suit, or served a copy of that suit on Plaintiff, against Plaintiff in the Superior Court of California, attempting to collect the debt (hereinafter "SCA") attached hereto, marked Exhibit "A" and incorporated by reference herein. The SCA contained communications within the meaning of §1692a(2) of the FDCPA.

18.  In the above SCA, later served on Plaintiff, Defendants alleged that Defendants furnished "purchases and/or cash advances" to Plaintiff on a credit card account issued by Defendants, and that Defendants were entitled to an award of attorney's fees.

19.  In fact, Defendants did not ever furnish "purchases and/or cash advances" to Plaintiff on any credit card, nor did Defendants issue any credit card to Plaintiff, and Defendants had no legal basis

1  to request attorney's fees.

2      20.    Defendants did not list any creditor other than Defendants in the above SCA, and by
3  doing so Defendants represented that Defendants were in fact the "original creditor," or the party
4  issuing credit, to Plaintiff.

5      21.    The "least sophisticated debtor" would in fact be confused or mislead as to the identity
6  of the "original creditor" on the account alleged by Defendants in the above SCA.

7      22.    In the above SCA, Defendants also claimed a right to recover under a theory of Open
8  Book

9      23.    Plaintiff never entered into an Open Book account stated with Defendants or with any
10 predecessor of Defendants.

11     24.    In the above SCA, Defendants also claimed a right to recover under a theory of
12 Reasonable Value.

13     25.    Neither Defendants nor any predecessor of Defendants provided goods, wares or
14 merchandise to Plaintiff without being paid.

15     26.    In the above SCA, Defendants also claimed a right to recover under a theory of Account
16 Stated.

17     27.    Plaintiff never entered into an account stated with Defendants or with any predecessor of
18 Defendants.

19     28.    Not all statements in the SCA were communications under the FDCPA but were
20 nonetheless behavior violating provisions of the FDCPA as set out below.

21     29.    Plaintiff was required to hire a lawyer and incur expenses in defending the SCA.

22     30.    Defendants filed a response to a request for statements CCP§96, attached hereto, marked
23 Exhibit B, and incorporated herein by reference, that among other things contained two bills of sale
24 purportedly transferring rights and interest in unnamed unidentified accounts from Washington Mutual
25 Bank to Riverwalk Holdings Ltd. and another from Riverwalk Holdings Ltd. to Bureaus Investment
26 Group Portfolio No 15, LLC.

27     31.    The account was purportedly sold on two differenct occasions to two different entities
28 none of which are either the original creditor or the Plaintiff.

32. Both dates on the above mentioned bills of sale precede the date the debt was charged off.

33. Ultimately the SCA was tried and judgment was found against Bureaus Investment Group Portfolio No 15, LLC and for Plaintiff herein.

34. No admissable evidence was produced during the pendancy of the SCA, or at any other time, showing Bureaus Investment Group Portfolio No 15, LLC's right to collect anything from Plaintiff.

35. On information and belief, Exhibit A is Defendant's initial communication with Plaintiff. Exhibit A fails to notify the consumer of the right to dispute the debt and a obtain copy of the verification of that debt in violation of § 1692g(a)(4) and the address of the original creditor in violation of § 1692g(a)(5).

36. Plaintiff is informed and believes and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit A to numerous persons in California in the one year period preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

37. By acting as stated above Defendant committed clear misrepresentations, and violations of. § 1692e, § 1692e2(A), § 1692e(5), § 1692f and § 1692f(1) of the FDCPA.

38. As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendants are liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

39. Because the above stated conduct violated certain portions of the FDCPA, as these portions are incorporated by reference in California Civil Code section 1788.17, each of the foregoing acts and omissions also violated California Civil Code section 1788.17.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

40. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

42. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendants.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

43. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

44. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendant violations, as enumerated above, of the FDCPA.

45. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

46. Pursuant to California Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

47. As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under California Civil Code section 1788.30(a), statutory damages of $1000.00 under California Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of California Civil Code section 1788.17, and attorney's fees and costs under California Civil Code section 1788.30(c), from the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Award of actual damages in accordance with proof at trial, pursuant to § 1692k(a)(1)

and California Civil Code section 1788.30(a);

(3) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(4) Award of statutory damages of $1,000.00 pursuant to California Civil Code section 1788.17[3];

(5) Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a)(3) and California Civil Code section 1788.30(c);

(6) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated December 6, 2012

**Lester & Associates**
By  *s/ Patric A. Lester*
Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com

---

[3] § 1692k(a)(2)(A) of the FDCPA